## GENERAL COURT, MAY TERM, 1805.

### COLE's Lessee *vs.* COLE.

*If after a witness is sworn on the voir dire, it appears from his own testimony, on his examination in chief, that he is interested, his testimony may be rejected*

EJECTMENT. The defendant took general defence, and issue was joined.

1. The plaintiff offered in evidence at the trial, two Proprietary leases executed by the agents of the Proprietary to *William Cole*. He also gave in evidence the will of *William Cole*, dated the 18th of January 1769, appointing *Mary Cole*, the lessor of the plaintiff, his executrix, to whom letters were granted, (the other executors named in the will not acting, though there was no legal renunciation by them.)

*But if his interest appears only from the evidence of the other witnesses, his testimony cannot be rejected*

*If the defendant in ejectment claims under a separate bequest of leasehold property, and A B*

has a similar bequest by the same will, and there is also an ejectment depending against A B for the property so bequeathed, brought by the same plaintiff, who is the executor of the will, A B is a competent witness for the defendant to prove that the plaintiff assented to the legacy to the defendant

Where a witness is objected to on the ground of his having been transported to this country to serve seven years on a conviction of felony, the party objecting must prove that such witness did not serve out the seven years, otherwise, he becomes a competent witness

An ejectment cannot be supported by the executrix of a will for the recovery of leasehold property bequeathed by the will to the defendant, if the executrix is proved to have assented to such bequest

By the will, the testator devised to the defendant one of the leasehold estates, and to *Joseph Cole* he devised the other. The property was confiscated, and the defendant purchased the fee of the state of *Maryland*, and obtained a grant. Both the lessor of the plaintiff, and the defendant, resided on the land until the year 1802, when the lessor of the plaintiff was forcibly turned out of possession. *Joseph Cole*, to whom one of the leasehold estates had been devised by the will, and against whom an ejectment by the present plaintiff was depending in this court for the said land, was offered as a witness for the defendant, but was objected to by the plaintiff.

CHASE, Ch. J. If it appears from the examination of a witness that he is interested, the court will direct the jury not to regard the testimony. This can be done after a witness has been previously sworn on the *voir dire.* But the court do not know that the authorities go so far as to say they can do so, if it appears from the testimony of other witnesses, that such witness is interested, the party having resorted to the mode of swearing the witness on the *voir dire. (a)*

This witness is called to prove the assent of the executrix to a separate legacy to the defendant. The court think he is a good witness for that purpose.

2. *Thomas Cooper* was also called as a witness by the defendant. But was objected to, and the plaintiff's attorney produced one of the record books of the general court office, in which is recorded a certificate from *London*, certifying that *Thomas Cooper,* amongst others convicted of felonies, was sent to this country to serve seven years.

CHASE, Ch. J. The plaintiff must prove that *Thomas Cooper* did not serve seven years. The presumption is that he did, and doing so, works the state's pardon, and he becomes a competent witness. *(b)*

The court are also of opinion, that if the jury believe from the evidence that the lessor of the plaintiff did assent to the legacy, and gave up possession to

A person convicted in Great Britain of *felony,* and sent to this country to *serve seven* years, is presumed to have served his time out, and thereby worked the state's pardon, and becomes a competent witness, unless it is proved that he did not serve seven years. If an executrix assented to a bequest of a leasehold estate, and gave up possession, she cannot support an ejectment for such estate, although she continued to live with the legatee upon the estate after such assent.

(a) See 10 *Mod.* 193. *Ambler,* 593.
(b) See 2 *Harr. & McHen.* 120. 378.

MAY 1805.

Cole
vs
Cole

the defendant, though she lived with him, the plaintiff cannot support this action.

*Verdict* and judgment for the Defendant.

*Martin,* (Attorney General,) and *Scott,* for the Plaintiff.

*Hollingsworth,* for the Defendant.